The majority in the present case erred in concluding that the plaintiff unjustifiably refused an offer of suitable employment, when the evidence of record shows that the employment offer made to plaintiff was indeed unsuitable. Prior to the plaintiff's injury, he was earning $13.13 per hour as a plumber. In attempting to find suitable employment for the plaintiff, Michael Fryer, the vocational rehabilitation specialist assigned to this matter, identified a recycle position with Coastal Enterprises that paid only $5.50 per hour. Despite the plaintiff's concerns regarding the large disparity between his pre- and post-injury wages and the lack of potential for advancement, Mr. Fryer did not attempt to locate other employment for the plaintiff.
In determining whether an employment offer is suitable, it is well settled that the similarity of wages of the pre-injury employment and the post-injury offer should be considered. Dixon v. City of Durham,128 N.C. App. 501, 495 S.E.2d 380 (1998). Further, in considering the wages of a pre-injury and post-injury job offer, common sense and fairness dictate examination of not only the actual wage, but also of the potential of advancement or capacity for income growth. Id.
In the present case, the evidence of record shows that the vocational rehabilitation specialist considered neither the dissimilarity of wages between the plaintiff's pre-injury employment and the post-injury offer made to him, nor the lack of advancement for the plaintiff in the position offered to him. Given these factors, the vocational rehab specialist identified employment that was indeed not suitable for the plaintiff and, in turn, the plaintiff was justified in refusing such employment. Thus, the majority is this matter erred in concluding that the plaintiff unjustifiably refused an offer of suitable employment when the offer made to plaintiff was indeed unsuitable. For these reasons, I respectfully dissent.
This 26th day of September 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER